IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| **STATE BANK AND TRUST COMPANY AND TRIUMPH SAVINGS BANK, SSB**, <br><br>    Plaintiffs, <br><br>v. <br><br>**GREGORY D. DUNCAN,** <br><br>    Defendant. | § § § § § § § § § § § § | Civil Action No. **3:13-CV-3566-L** |

## MEMORANDUM OPINION AND ORDER

Before the court is Petitioner's Motion to Remand or Abstain (Doc. 4), filed September 17, 2013, and Respondent Gregory Duncan's Motion for Referral to Bankruptcy Court (Doc. 3), filed September 6, 2013. For the reasons herein explained, the court **grants** Petitioner's Motion to Remand (Doc. 4), **denies as moot** Petitioner's Motion to Abstain, **grants** SBTC's and Triumph's request for attorney's fees and costs, **denies** Respondent Gregory Duncan's Motion for Referral to Bankruptcy Court (Doc. 3), and **remands** this action to the 160th Judicial District Court, Dallas, County, Texas, from which it was removed.

**I.**   **Procedural Background and Parties' Contentions**

This proceeding was originally filed in the 160th Judicial District Court, Dallas, County, Texas, by State Bank and Trust Company ("SBTC") and Triumph Savings Bank, SSB ("Triumph"), pursuant to Texas Rule of Civil Procedure 202, to obtain presuit discovery in the form of a deposition from Gregory D. Duncan ("Duncan"). After Duncan was ordered to appear for a

deposition on or before September 6, 2013, and the order in this regard was affirmed on appeal, Duncan removed the action to federal court September 5, 2013.

After removing the case to federal court, Duncan requested this court to refer the case to the bankruptcy court because he inadvertently removed the state court action to this court rather than the bankruptcy court. According to Duncan, the Rule 202 proceeding is related to the Straight Line Automotive Group, LLC bankruptcy pending in the Northern District of Texas as Case No. 13-33543-BJH-7. Duncan also states in his Notice of Removal that based on the nature of the state court proceeding:

> [he] reasonably believes that SB&T intends to assert claims and causes of action arising out of certain transactions and relationships between PPM, Duncan, SB&T, and the Debtor arising prior to the Petition Date.
>
> As such, since the State Court Action involves potential claims as described above, by and among the parties and against the Debtor and its estate, the State Court Action may constitute a core proceeding under 28 U.S.C. §157(b)(2)(A), (B) and (O) over which this Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1334(b).

Pl.'s Notice of Removal 4-5. SBTC and Triumph counter:

> Because this matter was improperly removed in the first instance, it would serve no purpose to refer the case to the Bankruptcy Court. In fact, such a referral would only aid the improper purpose of Duncan's removal by further delaying his deposition and affording him the opportunity to seek an appeal to this Court of any remand order or other adverse ruling made by the Bankruptcy Court.

Movant's Resp. 2. According to SBTC and Triumph, the removal was untimely, and, even if timely, the court lacks jurisdiction over the case because a state court proceeding to obtain presuit discovery would have no effect on the pending bankruptcy proceeding and is therefore not sufficiently related to the bankruptcy proceeding to confer jurisdiction under section 1334(b).

**Memorandum Opinion and Order – Page 2**

On September 17, 2013, SBTC and Triumph moved to remand the case to state court, contending that the Rule 202 proceeding for presuit discovery is not removable because it is merely investigatory and only seeks a deposition from a nondebtor. SBTC and Triumph also contend, as they did in response to Duncan's motion, that the removal was untimely and the state court proceeding for presuit discovery is not sufficiently related to a pending bankruptcy to confer jurisdiction on the court under 28 U.S.C. § 1334(b). Alternatively, SBTC and Triumph maintain that the court should abstain from hearing this matter and remand it to state court.

Regarding their contention that removal was untimely, SBTC and Triumph assert that the Notice of Removal "fails to apprise this Court that Duncan first received the Petition on July 22, 2013, which was **45** days prior to his Notice of Removal." Movant's Mot. to Remand 2 (emphasis in original). SBTC and Triumph therefore contend that Duncan's removal of the state court proceeding on September 5, 2013, was untimely as a matter of law because removal was not done "within the 30 days required by Rule 9027(a)(3) of the Federal Rules of Bankruptcy Procedure." Movant's Reply 2. In his response to the motion to remand, Duncan addresses his contention that the state court proceeding is related to the pending bankruptcy action but does not address SBTC and Triumph's contention that removal was untimely.

II.   Discussion

As correctly noted by SBTC and Triumph, Rule 9027(a)(3) of the Federal Rules of Bankruptcy Procedure requires that a notice of removal, in a proceeding such as this, be filed within thirty days of service of the pleading that a party seeks to remove to federal court. Here, Duncan asserts that he intended to remove this action to the bankruptcy court but inadvertently removed the case to the district court. The record, however, reflects that Duncan failed to meet the removal

**Memorandum Opinion and Order – Page 3**

deadlines under Rule 9027(a)(3) because he filed the notice of removal more than 30 days after being served with notice of SBTC and Triumph's state court Verified Petition for presuit discovery. Although Duncan does not contend, and the Notice of Removal does not reflect, that removal was taken pursuant to 28 U.S.C. § 1446, the court notes that removal under that statute would have been similarly untimely. *See* 28 U.S.C. § 1446(b) (requiring removal within 30 days "after receipt by or service on that defendant of the initial pleading or summons."). Accordingly, removal was procedurally improper and whether Duncan intended to remove the action to the bankruptcy court is of no moment. *In re Rishel*, 417 F. App'x 395, 396 (5th Cir. 2011) (unpublished). Having determined that removal was untimely, the court need not address the parties' remaining contentions.

## III.   Attorney's Fees and Costs

SBTC and Triumph request an award of attorney fees and costs incurred in conjunction with the motion to remand under 28 U.S.C. § 1447(c). Alternatively, they contend, pursuant to 29 U.S.C. § 1927, that Duncan's counsel should be required to personally pay the fees and costs they incurred. SBTC and Triumph contend that they are entitled to an award of attorney's fees and costs because Duncan's removal of the action was improper, without legal justification, and motivated by a desire to avoid the scheduled deposition and unreasonably complicate the proceedings brought by them.

Section 1447(c) provides that "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). There is no "automatic entitlement to an award of attorney's fees." *Valdes v. Wal Mart Stores, Inc.*, 199 F.3d 290, 292 (5th Cir. 2000). Bad faith is not "a prerequisite to awarding attorney fees and costs." *Id.* (citation omitted). "Absent unusual circumstances, courts may award attorneys fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for

**Memorandum Opinion and Order – Page 4**

seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005) (citations omitted).

Duncan does not address Movant's request for attorney's fees and costs. The court concludes that Duncan knew or reasonably should have known that the removal was untimely, and he thus lacked an objectively reasonable basis for seeking removal. The court will therefore grant SBTC's and Triumph's request for attorney's fees and costs pursuant to section 1447(c). Having determined that Movants are entitled to an award of attorney's fees and costs under section 1447(c), the court need not address their alternative request for attorney's fees and costs under section 1927.

## IV.   Conclusion

For the reasons explained, removal of this case was procedurally improper. The court **grants** Petitioner's Motion to Remand or Abstain (Doc. 4), **grants** SBTC's and Triumph's request for attorney's fees and costs, **denies as moot** Petitioner's Motion to Abstain, **denies** Respondent Gregory Duncan's Motion for Referral to Bankruptcy Court (Doc. 3), and **remands** this action to the 160th Judicial District Court, Dallas, County, Texas, from which it was removed. The clerk of the court **shall** effect the remand in accordance with the usual procedure. If SBTC and Triumph wish to pursue their request to recover reasonable attorney's fees and costs pursuant to 28 U.S.C. § 1447(c), they must submit a fee application with supporting documentation for the court's consideration by **December 10, 2013.**

**It is so ordered** this 26th day of November, 2013.

Sam A. Lindsay
United States District Judge

**Memorandum Opinion and Order – Page 5**